```
             IN THE UNITED STATES DISTRICT COURT FOR
           THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
HATTIE BAILEY, et al.,
                              *

                              *
     Plaintiffs,
v.                            *     CIVIL NO.: WDQ-04-2078
                              *
BWD AUTOMOTIVE CORP.,
et al.,                       *
                              *
     Defendants.              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION AND ORDER

In this diversity action, Hattie Bailey, Administratix of the Estate of Donald Bailey, sued Safety-Kleen Corp. and Safety-Kleen Systems (collectively, "Safety-Kleen") for injuries arising from Decedent Donald Bailey's exposure to Safety-Kleen's products.  Pending is Safety-Kleen's motion to dismiss for failure to state a claim. For the following reasons, Safety Kleen's motion to dismiss will be granted.

I.  BACKGROUND

Safety-Kleen, an Illinois corporation, manufactures and distributes products containing Benzene[1].  *See* Complaint

---

[1] Benzene, an aromatic hydrocarbon, is a well-known human carcinogen.

1

at ¶¶ 5-6.  From the mid-1980's to 2001, Donald Bailey was exposed to Safety-Kleen's products while employed by the Maryland State Police Department as an auto mechanic.  *Id.* at ¶¶ 45-47.  On February 6, 2001, Bailey was diagnosed with Acute Myelogenous Leukemia[2] ("AML").  *Id.* at ¶54.  On December 28, 2001, Bailey succumbed to AML.  *Id.* at ¶61.

On June 9, 2000, Safety-Kleen filed for bankruptcy in the United States Bankruptcy Court, District of Delaware (the "Bankruptcy Court").  On August 1, 2003, the Bankruptcy Court confirmed the First Modified Plan of Reorganization of Safety-Kleen (the "Confirmation Order")and the reorganization was effective on December 24, 2003.  *See* Def. Mot. Dism. Ex. E.  The Confirmation Order discharged Safety-Kleen from all claims arising prior to December 24, 2003.  *See id.*

On February 5, 2004, the Plaintiffs initiated this suit. Safety-Kleen contends that the Confirmation Order bars the Plaintiffs' claim and therefore moves for dismissal.

## II. LEGAL DISCUSSION

---

[2] Acute myelogenous leukemia is a blood cancer that develops in specific types of white blood cells.

A.   Motion to Dismiss

   1.   Standard of Review

A Fed.R.Civ.P. 12 (b)(6) motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), *(citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Raj Matkari*, et. al., 7 F.3d 1130, 1134 (4th Cir. 1993).  If any possible basis for relief has been pled, the Court must deny the motion to dismiss. *Garland v. St. Louis*, 596 F.2d 784 (8th Cir. 1979), *cert. denied*, 444 U.S. 899 (1979); *Swierkiewicz*, 534 U.S. at 514.

   2.   Action Precluded by Bankruptcy Proceedings

      A bankruptcy court's order of confirmation is treated as
a final judgment with res judicata effect.  *See In re Varat Enterprises, Inc.*, 81 F. 3d 1310, 1315 (4th Cir. 1996) (*citing Stoll v. Gottlieb*, 305 U.S. 165, 170-71 (1938)).

3

The Confirmation Order expressly provides[3]:

> "....each of the Debtors is discharged effective upon the Effective Date from any Debt, and each of the Debtor's liability in respect thereof is extinguished completely, whether reduced to judgement or not, liquidated or unliquidated, contingent or noncontingent, asserted or unasserted, fixed or unfixed, matured or unmatured, disputed or undisputed, legal or equitable, known or unknown, or that arose from any agreement of a Debtor entered into or obligation of a Debtor incurred before the Effective Date, or from conduct of a Debtor prior to the Effective Date, or that otherwise arose from any conduct of the Debtor prior to the Effective Date..."

Although the Plaintiffs allege that the Confirmation Order does not include product liability actions, it is clear that this action fits squarely within the above-cited provision. *See Mattingly v. Kmart Corporation*, Civ. No. 2001-151, 2004 U.S. Dist. LEXIS 2821, slip op. at *4-5 (D.V.I. Feb 25, 2004) (finding that similar language barred all claims arising before order's effective date).

Although the Plaintiffs were not parties to the Confirmation Order, they are nonetheless bound by its terms

---

[3] On 12(b)(6) motion, Court may consider documents of which plaintiff had notice and which were integral to the claim. *See Necci v. Universal Fidelity Corporation*, Civ No. 02-5536, 2003 U.S. Dist. LEXIS 13798, at *5 (E.D.N.Y. Aug. 4, 2003) (*citing Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)

and are precluded from pursuing this claim.  *See* 11 U.S.C.§§524(a), 1141(a)-(d) (2005); *See* Def. Mot. Dismiss Ex. E. pp. 27, 41.  The Plaintiffs, however, may seek a modification of the Confirmation Order from the Bankruptcy Court.  *See* 11 U.S.C. §1329.

If the Bankruptcy Court modifies the Confirmation Order to allow this action, the Plaintiffs may refile the claim.

Accordingly, the Plaintiffs' complaint will be dismissed without prejudice. *See Aqualine Associates Limited Partnership v. Genesis Health Ventures Incorporated, Inc.*, No. 03-1859, 2004 U.S. App. LEXIS 8640, slip op. at * 8 (4th Cir. May 3, 2004) (dismissal without prejudice is appropriate where creditor seeks relief in bankruptcy court for discharged claims).

## CONCLUSION

For the reasons discussed above, Safety-Kleen's motion to dismiss will be granted.


June 21, 2005                          /s/
Date                          William D. Quarles, Jr.
                              United States District Judge